### SPRINGFIELD TERMINAL COMPANY, Plaintiff,

v.

### UNITED TRANSPORTATION UNION and National Mediation Board, Defendants.

### Civ. No. 88–0117–P.

United States District Court, D. Maine.

July 14, 1988.

Charles S. Einsiedler, Margaret C. LePage, Pierce Atwood, Portland, Me., for plaintiff.

Clinton J. Miller, III, Asst. Gen. Counsel, United Transp. Union, Cleveland, Ohio, Craig J. Rancourt, Biddeford, Me., for defendants.

### ORDER ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

GENE CARTER, District Judge.

In this action, Plaintiff seeks to set aside the procedural and merits awards of Public Law Board No. 4462 and to enjoin further proceedings of Public Law Board No. 4462, which was established pursuant to the Fed-

eral Railroad Safety Act ("FRSA"), 45 U.S.C. § 441(b), to determine whether a withdrawal of services by Plaintiff's United Transportation Union ("UTU") members beginning in November 1987 was a protected refusal to work due to hazardous conditions within the meaning of the FRSA. The National Mediation Board ("NMB") appointed neutral arbitrators for both the procedural and merits boards. In April, the procedural board directed the parties to arbitrate the merits of the underlying dispute, and on June 13, the merits board found that the UTU work stoppage was a protected withdrawal of service under the FRSA and ordered the striking employees back to work. The NMB remanded the issue of back pay to the parties. The parties met and are scheduled to discuss the issue again at an Executive Session with the neutral arbitrator on July 15, 1988.

One of the bases for Plaintiff's suit is its allegation that the neutral arbitrator on the merits board, Francis X. Quinn, was biased against Plaintiff by contacts with the NMB and political figures before the award issued. On June 29, Plaintiff requested that Arbitrator Quinn recuse himself from further proceedings on Public Law Board No. 4462 or that he defer hearings on the issue of back pay until this Court has decided the pending challenges to the board's awards. Arbitrator Quinn has not responded, and Plaintiff now seeks an injunction prohibiting the parties from proceeding with the back pay issues unless and until an unbiased neutral arbitrator is appointed to the board to replace Quinn. Plaintiff also seeks an order requiring the NMB to follow its stated policies.

In order to be entitled to preliminary injunctive relief, Plaintiff must meet four essential requirements:

> The Court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which the granting of injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction.

> *Stanton by Stanton v. Brunswick School Department,* 577 F.Supp. 1560 (D.Me.1984) (quoting *UV Industries, Inc. v. Posner,* 466 F.Supp. 1251, 1255 (D.Me.1979)).

The Court is not satisfied that Plaintiff has shown that it will be irreparably harmed in this case if the arbitration goes forward on the back pay issues with Arbitrator Quinn as the neutral member of the board. If it should turn out that there has been a due process violation, that issue can be determined by the Court's review of the final arbitration award upon a motion for impeachment, and, if necessary, the Court can order the arbitration to be redone.[1] Therefore, any harm occasioned by the deprivation of due process could be repaired.

Plaintiff argues that any deprivation of constitutional right is *per se* irreparable injury. It is well established that the loss of first amendment freedom constitutes irreparable injury, *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976), and the principle of *Elrod* is plainly applicable to other prospective denials of constitutional rights in which a constitutionally protected opportunity would be irretrievably lost if temporary injunctive relief were not granted. For example, in *Mitchell v. Cuomo,* 748 F.2d 804 (2d Cir. 1984), the district judge found that eighth amendment rights would be irreparably harmed if the prison in which plaintiff inmates were incarcerated was closed and they were transferred into an overcrowded system. The prospective harm alleged here, however, would not entail a lost opportunity, for the opportunity could be provided again.

The Court also notes that there is a strong public interest in the speedy resolution of railroad labor disputes through the arbitration process. Where, as here, review—albeit a limited one—is provided, the

---

**1.** The UTU stipulated at argument that it will not argue that Plaintiff has waived the due process argument by proceeding before arbitrator Quinn on the back pay issue. The UTU also stipulated that the Court can address the procedural due process argument if and when it is raised in proceedings on the final award.

public interest also mandates that the Court allow the statutorily-mandated process to run its course without interruption by the Court.

Accordingly, it is ORDERED that Springfield Terminal Company's motion for a temporary restraining order or preliminary injunction be, and it is hereby, DENIED.